### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILL CATHEY, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | NO. CIV-12-512-HE |
| ) | |
| RANDY WORKMAN, Warden, ) | |
| ) | |
| Respondent. ) | |

### **ORDER**

Petitioner Bill Cathey, a state prisoner appearing *pro se*, filed this habeas action pursuant to 28 U.S.C. § 2241, challenging a prison disciplinary proceeding and conviction. The matter was referred for initial proceedings to Magistrate Judge Bana Roberts, who has issued her Report and Recommendation recommending that the action be transferred to the United States District Court for the Eastern District of Oklahoma. The transfer is warranted, the magistrate judge concluded, because petitioner, at the time he filed this action and currently, is incarcerated at the Oklahoma State Penitentiary in McAlester, Oklahoma, which is within the Eastern Judicial District of Oklahoma. Noting that petitioner appears to have a related matter pending in the Eastern District, she suggests that the action be transferred there in the interest of justice.

Petitioner objects to the proposed transfer, asserting that the magistrate judge has mischaracterized his case as one brought under § 2241, rather than § 2254, and confused jurisdiction and venue. She has not. Because petitioner is challenging a disciplinary conviction, he seeks relief under § 2241. Buhl v. Hood, 81 Fed.Appx. 273, 274 (10th Cir.

2003) (unpublished) ("[W]e have held that a § 2241 attack on the execution of a sentence may challenge the loss of good time credits and other prison disciplinary matters.") (internal quotations omitted).  Section 2254 is not applicable because petitioner is not challenging the validity of his underlying state conviction and sentence.  Because petitioner is incarcerated in the Eastern Judicial District, the court lacks jurisdiction to grant habeas relief.  <u>Kelso v. Luna</u>, 317 Fed.Appx. 846, 847 (10th Cir. 2009) (unpublished) ("District courts can grant habeas corpus relief only 'within their respective jurisdictions.' 28 U.S.C. § 2241(a). This requires that a district court have jurisdiction over the plaintiff's custodian . . . .").

Accordingly, the court adopts Magistrate Judge Roberts' Report and Recommendation and transfers this habeas action to the United States District Court for the Eastern District of Oklahoma.  28 U.S.C. § 1631.

**IT IS SO ORDERED**.

Dated this 15th day of June, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE