# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

BILL CATHEY, )
)
        Petitioner, )
)
v. ) Case No. CIV 12-264-FHS-KEW
)
RANDY WORKMAN, Warden, )
)
        Respondent. )

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, is challenging his loss of 365 earned credits that resulted from a prison misconduct for Possession of Contraband.

Petitioner claims that on April 15, 2010, OSP officials conducted a "pretextual shakedown" of his cell, but no contraband was discovered. Two hours later, however, another officer "redefined" 11 of the items from the search as contraband. Petitioner contends none of the items were contraband, because they were purchased through the prison system. On April 26, 2010, petitioner was issued an Offense Report, and he was convicted the next day, April 27, 2010, of Behavior of Not Cooperating with Investigation, a different offense. He claims he was not allowed to attend the disciplinary hearing, present exculpatory evidence, or call witnesses, all in violation of his due process rights, and he did not learn the hearing had been conducted until ten months later. He further contends he was unable to exhaust his administrative remedies, because all his attempts to do so went unanswered.

The respondent has filed a motion to dismiss, alleging the petition is time barred, and petitioner has failed to exhaust his administrative remedies and his state judicial remedy. According to the respondent, on April 26, 2010, petitioner received a disciplinary report for

the offense of Possession of Contraband, after it was discovered that petitioner was concealing numerous contraband items in Carnation Instant Nonfat Dry Milk boxes in his cell. Petitioner allegedly refused to cooperate with the investigation, tore up the investigator's report, and flushed it down the sewer. The Offense Report, signed by petitioner on April 26, 2010, indicates he was notified of his hearing date of May 5, 2010, at 5:00 p.m. (Docket No. 16-3 at 1). Petitioner's Disciplinary Hearing Report states, however, that petitioner was found guilty of Possession/Manufacture of Contraband on April 27, 2010, because his "behavior of not cooperating with investigator, not signing and tearing up the Investigation Report, and flushing it down the sewer" was considered to be a plea of guilty (Docket No. 16-3 at 16). The determination was affirmed by the facility head on the day of the hearing, and the Hearing Report indicates that on May 3, 2010, petitioner refused to sign the Report, because he had not pleaded guilty (Docket No. 16-3 at 16).

Petitioner denies he had any contraband items in his cell and claims he has exhausted his available administrative remedies. He also asserts an erroneous claim that he is not required to exhaust his state judicial remedies before proceeding to federal court.

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman*, 501 U.S. at 731).

According to the affidavit by Debbie L. Morton, Manager of the DOC Administrative Review Unit, the grievance process provides for a two-step formal procedure and an informal procedure (Docket No. 16-5). The formal process is first to appeal to the facility head, then to the Administrative Review Authority. The process also provides an opportunity to seek permission to file a grievance out of time. The relevant DOC records show petitioner did not

2

file a misconduct appeal related to the offense.

In those instances where earned credits are revoked in a prison disciplinary hearing, an Oklahoma inmate can pursue a judicial appeal process through a petition for judicial review, pursuant to Okla. Stat. tit. 57, § 564.1, effective May 10, 2005. The statute specifically requires the state court to determine whether due process was provided. Okla. Stat. tit. 57, § 564.1(D). Under § 564.1(A)(1), however, the inmate has to file within 90 days of the date he was notified of the DOC's final decision in the disciplinary appeal process. "[I]f state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking review, the prisoner's procedural default functions as a bar to federal habeas review." *Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007) (citing *Woodford v. Ngo*, 548 U.S. 81 93 (2006)). *See also Gray v. Netherland*, 518 U.S. 152, 162 (1996) (such a "procedural bar . . . gives rise to exhaustion [and] provides an independent and adequate state-law ground for the [sanction imposed]"); *Coleman*, 501 U.S. at 735 n.1; *Cargle v. Mullin*, 317 F.3d 1196, 1212 n.15 (10th Cir. 2003). Based on the above analysis, the court finds petitioner has failed to exhaust his administrative and state judicial remedies for his claims, and the claims are procedurally barred.

The respondent also alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  The one-year limitations period also applies to § 2241 habeas corpus actions.  *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

The record shows that petitioner was found guilty of the misconduct on April 27, 2010, and he received his Disciplinary Hearing Report on May 3, 2010 (Docket No. 16-3 at 16).  Because he failed to exhaust any of his administrative or state judicial remedies, the limitations period expired on May 3, 2011.  This petition, filed on May 4, 2012, was untimely.

Even accepting petitioner's completely unsubstantiated allegation that he was not made aware of the misconduct conviction until either February 16, 2011 (Docket No. 1 at 6), or February 26, 2011 (Docket No. 18 at 5), which would set his latest deadline at February 26, 2012, the petition still is barred by the one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1)(D).  There is no authority for his assertion that his June 23, 2010, civil rights complaint in this court, Case No. CIV-2010-220-RAW-SPS, which also raised the misconduct conviction, tolled the limitations period.

**ACCORDINGLY,** the respondent's motion to dismiss (Docket #16) is GRANTED, petitioner's motion for judgment on the pleadings (Docket No. 17) is DENIED, and this action is, in all respects, DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 12th day of February, 2013.

Frank H. Seay
United States District Judge